■ CRETE CONCRETE CORP., Respondent, v. RUBIN JOSEPHS et al., Appellants, et al., Defendants.— In an action by a judgment creditor of two corporations to recover damages for unlawful diversion of assets of said corporations, certain of the defendants appeal, as limited by their brief, from so much of an order-judgment (one paper) of the Supreme Court, Rockland County, dated June 28, 1971, as awards plaintiff $5,677.60 plus interest, costs and disbursements against them, after a nonjury trial. Order-judgment modified, on the facts, by reducing plaintiff's award to $4,677.60, plus interest thereon and costs and disbursements. As so modified, order-judgment affirmed insofar as appealed from, with costs to plaintiff. An arithmetical error in computing the amount due plaintiff requires that the principal award to it be reduced by $1,000. Munder, Acting P. J., Martuscello, Shapiro, Brennan and Benjamin, JJ., concur. [66 Misc 2d 837.]

■ In the Matter of HATTIE EDWARDS, Petitioner, v. MOUNT VERNON HOUSING AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to annul respondent's determination, dated July 1, 1971, terminating petitioner's tenancy in housing premises operated by respondent. Determination confirmed and proceeding dismissed on the merits, without costs. In our opinion, sections 1627–7.2 and 1627–7.3 of the Codes, Rules and Regulations of the Executive Department of the State of New York (9 NYCRR 1627–7.2, 1627–7.3) are constitutional in defining standards of desirability for public housing tenants. The record reveals that petitioner was afforded due process. She was given adequate notice as to her nondesirability. She was represented by counsel at a hearing and granted the right to confront the witnesses and challenge the evidence against her (*Matter of Williams* v. *White Plains Housing Auth.*, 35 A D 2d 965). There was substantial evidence to support respondent's determination as to petitioner's nondesirability. Munder, Acting P. J., Martuscello, Shapiro, Brennan and Benjamin, JJ., concur.

■ In the Matter of CAROLYN MARSCHEAN, Respondent, v. MICHAEL MARSCHEAN, Appellant.— In a support proceeding, the appeal, as limited by appellant's brief, is from so much of an order of the Family Court, Suffolk County, dated November 15, 1971, as denied his application to modify a prior order of said court, dated July 24, 1970, so as to eliminate support for respondent. Order affirmed insofar as appealed from, without costs. No opinion. Latham, Acting P. J., Gulotta, Brennan and Benjamin, JJ., concur; Shapiro, J., dissents and votes to reverse the order insofar as appealed from and to grant a new trial, with the following memorandum: I would grant appellant's motion to modify the order of July 24, 1970 so as to delete the award of support for respondent and permit the issue of the marriage of the parties to be determined on the merits.

■ In the Matter of ADELE W. (ANONYMOUS), Appellant.— In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of the Family Court, Kings County, entered March 11, 1971, which adjudged appellant to be a person in need of supervision and placed her on probation for a period of one year. Order reversed, on the law and the facts, without costs, and proceeding dismissed on the merits. In our opinion the allegations in the petition were not proven beyond a reasonable doubt. Munder, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.